**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

Case No. 16-cr-162-PB-12

v.                                    Opinion No. 2021 DNH 139

<u>Alfredo Gonzalez</u>

<u>**MEMORANDUM AND ORDER**</u>

Alfredo Gonzalez is serving a 20-year prison sentence on a charge of conspiracy to distribute a kilogram or more of heroin. He seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) based on his claim that his disproportionately harsh sentence was caused by the timing of his conviction and sentencing rather than the unique facts of his case.[1]  The government argues in response that I lack the power to reduce Gonzalez's sentence for the reasons he cites.

---

[1] Gonzalez alternatively contends that he is entitled to immediate release because he suffers from several medical conditions that leave him at increased risk of severe illness or death if he were to contract COVID-19.  I am unpersuaded by this argument.  The Bureau of Prisons has adopted mitigation measures that reduce the risk of transmission within prisons, and Gonzalez is eligible to receive a vaccine that will further reduce his risk of serious illness if he were to contract COVID-19.  In any event, he committed a serious crime that warrants a lengthy prison sentence.  Given the circumstances, I am not persuaded that Gonzalez's health status qualifies as an extraordinary and compelling circumstance that justifies his immediate release.

## I.   <u>BACKGROUND</u>

A grand jury charged Gonzalez with one count of conspiracy to distribute a kilogram or more of heroin on October 5, 2016. <u>See</u> Indictment, Doc. No. 1.  Nearly a year later, on September 29, 2017, the government filed an information pursuant to 21 U.S.C. § 851 ("851 Notice"), informing Gonzalez that it intended to argue that he was subject to a mandatory minimum 20-year prison sentence because he had a prior New Hampshire state court conviction for possession with intent to sell or dispense cocaine.[2]  <u>See</u> Information, Doc. No. 174.  At an earlier hearing, the prosecutor explained that the government's decision to file the 851 Notice so late in the process was due to a recent policy change at the Department of Justice that required prosecutors to file 851 Notices in cases like Gonzalez's.[3]  Gonzalez went to trial approximately a month later and was convicted.  <u>See</u> Jury Verdict, Doc. No. 220.

I sentenced Gonzalez on June 14, 2018.  During the sentencing hearing, I determined that Gonzalez's total offense

---

[2] Section 851 requires the government to file an information prior to trial that identifies any prior drug crime convictions that will be used to increase the defendant's sentence.  <u>See</u> 21 U.S.C. § 851(a).

[3] When Gonzalez was indicted, United States Attorneys were operating under guidance from Attorney General Eric Holder that required prosecutors to consider several potentially relevant circumstances before filing an 851 Notice.  <u>See</u> Attorney General Eric Holder, *Department Policy on Charging Mandatory Minimum*

level was 32 and his criminal history category was IV.  See
Transcript of Sentencing Hearing, Doc. No. 380 at 5.  This would
have resulted in a guideline sentencing range of 168 months to
210 months but for the government's decision to file the 851
Notice, which increased the guideline sentence to 240 months,
the mandatory minimum sentence then required because of
Gonzalez's prior conviction.  See Presentence Report, Doc. No.
338 ¶ 73.  Following the law as it existed at the time, I
sentenced Gonzalez to 240 months of imprisonment.

Congress modified the mandatory minimum penalty provision I
used to sentence Gonzalez approximately six months later as part
of the First Step Act of 2018.  See Pub. L. No. 115-391,
§ 401(a)(2), 132 Stat. 5194, 5220.  When I sentenced Gonzalez,
21 U.S.C. § 841 required a mandatory minimum sentence of 20
years for a defendant who was culpable in a conspiracy to

---

*Sentences and Recidivist Enhancements in Certain Drug Cases*
(Aug. 12, 2013), available at https://tinyurl.com/myva6atp.
Prosecutors were also instructed to file any 851 Notice "at the
time the case is charged, or as soon as possible thereafter."
Attorney General Eric Holder, *Guidance Regarding § 851
Enhancements In Plea Negotiations* (Sept. 24, 2014), available at
https://tinyurl.com/t8buyzyd.

These policies changed under Attorney General Jeff
Sessions, who issued new instructions that required prosecutors
to "charge and pursue the most serious, readily provable
offense," including potential mandatory minimum offenses.  See
Attorney General Jeff Sessions, *Department Charging and
Sentencing Policy* (May 10, 2017), available at
https://tinyurl.com/jabrn9kr.  It was this policy change that
prompted the prosecutor to file the belated 851 Notice in this
case.  See Transcript of Motion Hearing, Doc. No. 377 at 11-12.

distribute a kilogram or more of heroin if the defendant had a prior conviction for a "felony drug offense."  See 21 U.S.C. § 841(B)(1)(a) (effective through Dec. 20, 2018).  Congress amended § 841 in the First Step Act to reduce the mandatory minimum sentence to 15 years and require the prior conviction to be for a "serious drug felony" to trigger the mandatory minimum sentence.  See § 401(a)(2), 132 Stat. at 5220; 21 U.S.C. § 841(B)(1)(a) (effective Dec. 21, 2018).  Congress declined, however, to apply this change to defendants like Gonzalez who had already been sentenced.  See § 401(c), 132 Stat. at 5221. Gonzalez's prior conviction met the definition of a "felony drug offense" under the prior law but it does not qualify as a "serious drug offense" under the current law.

## II.  DISCUSSION

Section 3582(c)(1)(A) authorizes a court to reduce a defendant's sentence after considering the factors specified in the sentencing statute if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Until the First Step Act became law, a court could consider a motion for sentence reduction under § 3582(c)(1)(A) only on a motion from the Director of the Bureau of Prisons. See 18 U.S.C. § 3582(c)(1)(A) (effective through Dec. 20, 2018). Now, however, a defendant may file his own motion if he meets

4

the provision's exhaustion requirements.  See 18 U.S.C. § 3582(c)(1)(A) (effective Dec. 21, 2018).

The government argues that Gonzalez is not entitled to a sentence reduction under § 3582(c)(1)(A) for two reasons:  (1) a sentence reduction for the reasons he cites would not be consistent with a policy statement adopted by the Sentencing Commission before the First Step Act authorized defendants to file sentence reduction motions; and (2) § 3582(c)(1)(A) does not authorize a court to reduce a defendant's sentence based on a non-retroactive change to a mandatory minimum sentencing law.

## A.  **The Policy Statement**

Before the First Step Act amended § 3582(c)(1)(A) to authorize defendants to file motions for sentence reduction, the Sentencing Commission adopted a policy statement that explains how a court should evaluate a sentence reduction motion filed by the Director of the Bureau of Prisons.  The statement provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that —
>
> (1)  (A) Extraordinary and compelling reasons warrant the reduction; . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy
statement.

U.S. Sentencing Guidelines Manual ("USSG") § 1B1.13 (U.S.
Sentencing Comm'n 2018).  The commentary to the policy statement
further explains what is meant by "extraordinary and compelling
reasons."  It states, in relevant part, that "provided the
defendant meets the requirements of subdivision (2),
extraordinary and compelling reasons exist" for any of four
reasons: (1) the "medical condition of the defendant," (2) the
"age of the defendant," (3) "family circumstances," or (4)
"other reasons," defined as "an extraordinary and compelling
reason other than, or in combination with, the reasons described
[above]."  USSG § 1B1.13 cmt. n.1 (cleaned up).

     The government argues that this policy statement bars
Gonzalez from obtaining a sentence reduction for the reasons he
cites.  I disagree.

     A policy statement adopted by the Sentencing Commission
binds a court considering a § 3582(c)(1)(A) motion only if it is
an "applicable" policy statement.  18 U.S.C. § 3582(c)(1)(A).
As my colleague, Judge McCafferty, has recognized, "eight of the
nine circuits to address the role of the Sentencing Commission's
policy statement have held that the policy statement 'does not
apply to cases where an imprisoned person files a motion for
compassionate release.'"  United States v. Fields, 2021 D.N.H.

120, 2021 WL 3518832, at * 4 (D.N.H. Aug. 9, 2021) (collecting cases).  This near-consensus view is persuasive because the policy statement itself states at the outset that it applies "[u]pon motion of the Director of the Bureau of Prisons . . .," USSG § 1B1.13, and the application notes that accompany the statement recognize that "[a] reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A)."  USSG § 1B1.13 cmt. n.1.

The government's arguments to the contrary are not persuasive.  The government does not explain how a policy statement that by its terms applies only to a motion filed by the Director of the Bureau of Prisons can be applied to limit a court's power to reduce a sentence when responding to a motion filed by a defendant.  As the government notes in its brief, many courts, like this one, have acknowledged that the policy statement is still "relevant," United States v. Tomes, 990 F.3d 500, 503 n.1 (6th Cir. 2021), and provides "helpful guidance," United States v. McCoy, 981 F.3d 271, 282 n.7 (4th Cir. 2020), even in cases where motions are filed by defendants.  But it cannot limit a court's power to consider additional extraordinary and compelling grounds for a sentence reduction when the motion is filed by a defendant.  I, therefore, follow the majority of circuit and district courts and hold that the

policy statement is not binding where a defendant brings a sentence reduction motion.

**B.    The First Step Act**

When Congress amended § 841 in the First Step Act, it specified that the amendment would apply only to defendants who had yet to be sentenced.  See § 401(c), 132 Stat. at 5221.  The government argues that § 3582(c)(1)(A) does not authorize a court to reduce a defendant's sentence based upon a prospective change in sentencing law.  I am unpersuaded by this argument.

Although the government argues otherwise, "It is not unreasonable for Congress to conclude that not all defendants convicted under [the statute] should receive new sentences, even while expanding the power of the courts to relieve some defendants of those sentences on a case-by-case basis." United States v. Maumau, No. 2:08-cr-00758-TC-11, 2020 WL 806121, at *7 (D. Utah Feb. 18. 2020); see also McCoy, 981 F.3d at 286-87 ("As multiple district courts have explained, there is a significant difference between automatic vacatur and resentencing of an entire class of defendants — with its avalanche of applications and inevitable resentencings — and allowing for the provision of individual relief in the most grievous cases.") (cleaned up). But see United States v. Jarvis, 999 F.3d 442, 444 (6th Cir. 2021) ("[W]e will not render § 403(b) useless by using § 3582(c)(1)(A) to thwart Congress's retroactivity choices.")

(cleaned up).  Indeed, "The Act's broader purpose is . . .
consistent with allowing courts to consider such gross
sentencing disparities, rather than forcing judges to interpret
lack of retroactivity as a complete bar to relief based on
subsequent changes to sentencing." United States v. Quinn, 467
F. Supp. 3d 824, 829 (N.D. Cal. 2020).

In the present case, the record reveals that Gonzalez would
not have faced a 20-year mandatory minimum sentence if he had
been convicted before late May 2017, when the government changed
its policy on the filing of 851 Notices, or sentenced after
December 2018, when the First Step Act was signed into law.  As
a result, he faced a disproportionately harsh sentence when
compared to similar defendants who were convicted before or
sentenced after this brief 18-month window.

Gonzalez's sentence was also substantially higher than the
sentences I gave to other co-conspirators in his case who were
equally or more culpable.  All but one of Gonzalez's co-
defendants received a sentence at least 60 months lower, and for
most, over 150 months lower, than Gonzalez — this despite all
but one of them trafficking a larger quantity of drugs.  See
Doc. No. 338 ¶ 7.  Further, all but one co-defendant received a
sentence below the guidelines, while one received a sentence
within the guideline range.  See Doc. No. 338 ¶ 7.  Even
accounting for criminal history, which varied widely among co-

defendants, one co-defendant with a criminal history category of III, who was responsible for more heroin than Gonzalez and for 2,167 kilograms of marijuana, was sentenced to only 87 months in prison, compared to Gonzalez's 240 months.  See Doc. No. 338 ¶ 7.  When Gonzalez's sentence is compared to the sentences received by his co-conspirators, it is apparent that he received a disproportionately harsh sentence.

Gonzalez committed a serious crime, and he deserves a substantial sentence.  But because of the timing of his conviction and sentence, Gonzalez was subject to a 20-year mandatory minimum sentence that is disproportionately harsh when compared to the sentences given to other defendants.  The proper remedy for this injustice is to hold a further hearing to determine an appropriate new sentence.

### III. <u>CONCLUSION</u>

For the foregoing reasons, Gonzalez's motion for a sentence reduction (Doc. No. 420) is granted to the extent that the court will hold a hearing to determine an appropriate sentence.

SO ORDERED.

<u>/s/ Paul J. Barbadoro</u>
Paul J. Barbadoro
United States District Judge

August 31, 2021

cc:  John S. Davis, AUSA
     Jeffrey D. Odland, Esq.
     U.S. Marshal
     U.S. Probation